E. DAVIS LEAVITT

*vs.*

HENRY D. WILLIAMS and LOUIS C. HATCH.

Penobscot.    Opinion October 20, 1917.

*Landlord and Tenant.    Negligence.*

The defendants were owners in common of a three story building on Main Street in Bangor. A. Langdon Freese leased the first or street floor, and the plaintiff holding under Mr. Freese as a tenant at will, occupied one of the stores on that floor as a millinery store. Several tenants had offices or rooms in the second and third stories of the building. In an alcove of the hallway on the second floor, under the stairs leading up to the third floor, an iron sink was set with an ordinary three quarter inch faucet on the water pipe opening into the sink. The outlet of the sink was adequate to vent all the water which that faucet would discharge when it was fully open. The sink was for the use of any of the tenants of that floor having occasion to use it. On the night of August 25, 1915, some unknown person negligently caused the outlet of the sink to be clogged and left the faucet open in part, with the result that the sink overflowed and the water found its way down into the plaintiff's store and damaged her goods. In her action against the owners of the building to recover her damages thus sustained.

*Held*:

1.  It is familiar law that the owner of a building, not in a defective or dangerous condition, is not liable to a tenant or occupant of the building, or to any one else, for injuries or damages caused by the unauthorized, and not reasonably to be anticipated, act of any other tenant or occupant, or of any third person, unless his relation to the doer of the act is such that the doctrine respondeat superior applies.

2.  It cannot be regarded as imprudent, or unreasonable, or negligent for the defendants to maintain the sink as it was maintained for the use of their tenants. It had been there for seventeen years or more and no overflow from it had ever occurred before this accident, and there is no suggestion of proof that the defendants had any reason to anticipate that any harm would ever result from it.

3.  There is no evidence that the overflow was caused by the defendants personally, or by any one who stood in the relation of agent to them, or for whose unauthorized act they could be held responsible on the ground that they had reason to anticipate it. Whose negligent act caused the overflow is left wholly to conjecture.

4.  In the opinion of the court the plaintiff has failed to establish a cause of action against the defendants for her damages.

Action on the case for alleged negligence on the part of the defendants as owners in common of a building, part of which was occupied by the plaintiff. Defendants filed plea of general issue. At close of testimony, by agreement of parties case was reported to Law Court upon so much of evidence as legally admissible, the Law Court to assess damages if the defendants were liable. Judgment for defendants.

Case stated in opinion.

*George E. Thompson, and James D. Maxwell,* for plaintiff.
*Donald F. Snow, and Ryder & Simpson,* for defendants.

SITTING: KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

KING, J. This case comes up on a report of the evidence which shows the following facts: August 25, 1915, the defendants were owners in common of a three story building on Main Street in Bangor. A. Langdon Freese leased the first or street floor, and the plaintiff, holding under Mr. Freese as a tenant at will, occupied one of the stores on that floor as a millinery store. Several tenants had offices or rooms in the second and third stories of the building. In an alcove of the hallway on the second floor, under the stairs leading up to the third floor, an iron sink was set with an ordinary three quarter inch faucet on the water pipe opening into the sink. The outlet of the sink was adequate to vent all the water which that faucet would discharge when it was fully open. The sink was for the use of any of the tenants of that floor having occasion to use it.

On the night of August 25, 1915, a Mr. Young, who was a tenant of of an office on the second floor of the building, left the premises between 8.30 and 9 o'clock, and everything was then all right; but on his return at about 10 o'clock he found a small stream of water running from the faucet into the sink, and the strainer at the outlet of the sink was clogged so that the water was overflowing onto the floor. He at once closed the faucet and removed the obstruction from the strainer and swept the water from the floor. The overflowing water had, however, found its way down into the plaintiff's store and had damaged her goods to the extent of about $300. This action is brought to recover that damage.

It is not shown by whom the faucet over the sink was thus left partly open, or who caused the sink to become clogged. But Mr.

Young's testimony of the character of the obstruction to the outlet of the sink justifies an inference that some nauseated person had used the sink, and had left the faucet partly open. That person may have been a tenant of the building, or a visitor to one of the tenants, or a mere trespasser. There was evidence in behalf of the plaintiff that Mr. Williams, one of the defendants, on the morning after the accident, said in substance to the plaintiff's husband, that he was very sorry for the overflow, that it would not occur again, and that "they would pay for" the damage done to the plaintiff's goods.

To entitle the plaintiff to recover it was necessary for her to show that the overflow that damaged her goods was caused by some negligence of the defendants.

Certainly no negligence ought to be imputed to the defendants from the fact that the sink was maintained in the alcove of the hallway on the second floor of the building. It was a common iron sink properly constructed with an outlet fully adequate to vent all the water that could be discharged into it through the faucet. We think it was not an imprudent, or unreasonable, or careless thing to do, to maintain that sink as it was maintained. It cannot be regarded as a nuisance, but rather as a reasonably necessary fixture for such a building. It had been there for seventeen years or more and no overflow from it had ever occurred before this accident, and there is no suggestion of proof that the defendants had any reason to anticipate that any harm would ever result from it.

It is familiar law that the owner of a building, not in a defective or dangerous condition, is not liable to a tenant or occupant of the building, or to any one else, for injuries or damages caused by the unauthorized, and not reasonably to be anticipated, act of any other tenant or occupant, or of any third person, unless his relation to the doer of the act is such that the doctrine respondeat superior applies. *Manning* v. *Sherman*, 110 Maine, 332, 335, *McCarthy* v. *Savings Bank*, 74 Maine, 315, *Allen* v. *Smith*, 76 Maine, 335, Cyc., Vol. 29, pages 477-8.

That the overflow and consequent damage to the plaintiff's goods was caused by the negligent act of some one cannot be doubted, but who did that negligent act is not shown. There is no evidence that it was done by the defendants personally, or by any one who stood in the relation of agent to them or for whose unauthorized act they could be held responsible on the ground that they had reason to anticipate it.

The overflow which caused the plaintiff's damage was the result of the careless act or acts of some unknown person or persons. It may have been, as suggested, the act of a tenant of the building, or of some visitor to a tenant, or of a mere trespasser in the building, but that is all conjecture. If, however, such were the fact, then, according to well settled principles, the defendants would not be liable, for they had no knowledge of the careless act or acts, and we think they should not be held, under the circumstances disclosed, to have anticipated that any such careless act would be committed. As a case practically on all fours with the case at bar, see *Rosenfield* v. *Newman*, 59 Minn., 156, 60 N. W., 1085.

In the opinion of the court the plaintiff has failed to establish a cause of action against the defendants for her damages, and the entry must be,

*Judgment for defendants.*